NOTE:  This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

2006-3270

DENNIS R. MARTIN,

Petitioner,

v.

MERIT SYSTEMS PROTECTION BOARD,

Respondent.

Dennis R. Martin, of Aspers, Pennsylvania, pro se.

Jeffrey A. Gauger, Attorney, Office of the General Counsel, United States Merit Systems Protection Board, of Washington, DC, for respondent.  With him on the brief were B. Chad Bungard, General Counsel, Rosa M. Koppel, Deputy General Counsel, and Joyce G. Friedman, Acting Associate General Counsel.

Appealed from:  United States Merit Systems Protection Board

NOTE:  This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

2006-3270

DENNIS R. MARTIN,

Petitioner,

v.

MERIT SYSTEMS PROTECTION BOARD,

Respondent.

_____

DECIDED:  January 16, 2007

_____

Before BRYSON, GAJARSA, and LINN, <u>Circuit Judges</u>.

PER CURIAM.

## DECISION

Dennis R. Martin appeals from a final decision of the Merit Systems Protection Board, No. PH-0752-06-0127-I-1, dismissing his appeal for lack of jurisdiction.  We <u>affirm</u>.

## BACKGROUND

Mr. Martin was hired by the Department of the Army on July 17, 2005, as a Heavy Mobile Equipment Repairer.  He is a preference-eligible employee and was given a Veterans Recruitment Appointment in the excepted service pursuant to the Jobs for Veterans Act, Pub. L. No. 107-288, 116 Stat. 2033 (2002).  He was removed from his

position on November 18, 2005, for misconduct. He subsequently filed a timely appeal with the Board contesting his removal.

The administrative judge assigned to the appeal twice ordered Mr. Martin to make a showing sufficient to establish that the Board had jurisdiction over his appeal. Finding Mr. Martin's responses insufficient, the administrative judge dismissed his appeal for lack of jurisdiction. When the Board declined Mr. Martin's petition for review, the administrative judge's initial decision became the final decision of the Board. Mr. Martin now seeks review by this court.

DISCUSSION

Whether the Board has jurisdiction is a question of law that this court reviews de novo. Hayes v. U.S. Postal Serv., 390 F.3d 1373, 1376 (Fed. Cir. 2004). The appellant has the burden of proving, by a preponderance of the evidence, that the Board has jurisdiction over his appeal. 5 C.F.R. § 1201.56(a)(2)(i); Garcia v. Dep't of Homeland Sec., 437 F.3d 1322, 1344 (Fed. Cir. 2006).

Federal civilian employees may generally appeal to the Board from adverse agency actions, such as removals, if they meet the requirements set forth in 5 U.S.C. § 7511(a)(1). See 5 U.S.C. §§ 7513(d), 7512(1). For a preference eligible employee in the excepted service, such as Mr. Martin, section 7511(a)(1)(B) requires the employee to have completed one year of current continuous service in the same or a similar position. "Current continuous service" is defined by regulation as "a period of employment or service immediately preceding an adverse action in the same or similar positions without a break in Federal civilian employment of a workday." 5 C.F.R. § 752.402(b).

Before his removal, Mr. Martin was continuously employed in his position from July 17 to November 18, 2005, a period of four months. Accordingly, the Board has jurisdiction over his appeal only if he was continuously employed in a similar government position for the eight months ending on the workday immediately prior to July 17, 2005. The only allegations Mr. Martin advanced as to his prior government service relate to his employment as a supply clerk from January 1984 to July 1986. Even assuming that position was "similar" to the one from which he was removed, it is clear that there was a break of more than one workday between Mr. Martin's service in the 1980s and his service in 2005. Mr. Martin's allegations thus do not support a claim of current continuous service in the same or similar position, and the Board therefore had no jurisdiction to address the merits of the appeal. For that reason, we affirm the Board's decision dismissing Mr. Martin's appeal.